# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ERIC GLOVER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4802   Jon K. Blackwood, Judge**

-----

**No. W2005-02004-CCA-R3-PC  -  Filed January 25, 2006**

-----

The Petitioner, Eric Glover, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is procedurally barred from pursuing appellate review of the lower court's denial of post-conviction relief.  Accordingly, the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Eric Glover, pro se.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Eric Glover, was convicted by a Fayette County jury of one count of first degree murder, one count of especially aggravated kidnapping, and one count of especially aggravated robbery.  *See State v. Eric Terrell Glover*, No. W2000-01278-CCA-R3-CD, 2001 WL 1078279, *1 (Tenn. Crim. App., at Jackson, Sept. 14, 2001).  A sentence of life imprisonment was

1

imposed for the first degree murder conviction. *Id.* The Petitioner was sentenced, as a violent offender, to concurrent twenty (20) year sentences for the remaining convictions. *Id.* This Court affirmed the Petitioner's convictions and sentences on direct appeal. *Id.* Although the Petitioner sought review by the Tennessee Supreme Court, this state's highest court denied the application as untimely.

On June 17, 2004, the Petitioner filed a petition for post-conviction relief, alleging that he was wrongfully denied second-tier review by the Tennessee Supreme Court and requesting the opportunity to file a delayed application for permission to appeal. By order entered June 28, 2004, the post-conviction court dismissed the petition, finding that "there was not a miscalculation of time by the Supreme Court for the filing of said Application for Permission to Appeal" and that the petition was barred by the one year statute of limitation. A notice of appeal document was filed on October 27, 2004. The certificate of service attached to the notice of appeal document reflects a date of July 12, 2004.

The State has filed a motion requesting summary affirmance in accordance with Rule 20, Rules of the Tennessee Supreme Court. In its motion, the State contends that the notice of appeal document is late, thereby depriving this Court of jurisdiction. If waiver of the timely filing requirement is granted, however, the State asserts that petition should be dismissed as untimely. *See* T.C.A. § 40-40-102.

Again, the post-conviction court denied relief by order entered June 29, 2004. The notice of appeal document was filed in the trial court on October 27, 2004.[1] No motion to excuse the late-filed notice of appeal document was filed with this Court. Notwithstanding, the record contains documentation from the Petitioner, alleging that the notice of appeal was sent from the prison facility on or about July 12, 2004.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied,* (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se,* Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, Petitioner's *pro se*

---

[1] We note that the notice of appeal document was not received by the Clerk of this Court until August26, 2005. There is no explanation as to the reason for the delay in forwarding the notice of appeal document to this Court.

2

status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

Even should this Court accredit the Petitioner's assertion that the notice of appeal document was delivered to appropriate officials on July 12, 2004, we cannot conclude that justice requires this Court to excuse the timely filing of the notice of appeal document. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on December 14, 2001. Thus, the Petitioner's petition for post-conviction relief filed on June 17, 2004, is barred by the one-year statute of limitations. *See* T.C.A. § 40-30-102(a). Moreover, even had the petition been timely filed, a petition seeking a lower court's review of the Tennessee Supreme Court's calculation of the time for filing an application for permission to appeal is not a cognizable claim for post-conviction relief.

In the absence of a timely filed notice of appeal, this Court is without jurisdiction to entertain the above-captioned appeal. Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE